COMMONWEALTH *vs.* BOSTON WHARF COMPANY.

Suffolk. January 9, 1896. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Flats — Construction of Indenture.*

An indenture was made between the Commonwealth, party of the first part, a railroad corporation, party of the second part, a wharf company, party of the third part, and a city, party of the fourth part, by which large tracts of flats belonging to the three parties first named were to be filled, streets were to be laid out, and the land connected with the city by a bridge, and which provided, among other things, as follows: " And said party of the third part, in consideration of the obligations of said party of the first part herein contained, hereby covenants and agrees with said party of the first part, that it will fill its territory, herein before described, as fast as the said party of the first part shall fill its territory on the division line of their respective parcels, so that it will not be necessary to have a bulkhead or barrier on such division line to retain the filling of said party of the first part, and that if said party of the third part shall not fill its said territory as fast as said party of the first part fills its territory on such line, so that a barrier or bulkhead as aforesaid becomes necessary, said party of the first part may build, at the expense of said party of the third part, such a bulkhead or barrier along such division line as may be necessary to retain the filling as aforesaid; and whenever said party of the first part shall begin at said division line to build the sea-wall which it has herein before agreed to build, the said party of the third part hereby agrees to begin at said line to build the seawall which it has herein agreed to build, and that it will prosecute the building of the same with vigor to its completion; that it will, within eighteen months from the date of these presents, fill to grade thirteen its said territory, and will, after said E. Avenue has been located, and the building of the bridge therefor commenced, dredge the flats lying in the section of F. Channel opposite its said territory uniformly to the thread of said channel, to the depth of twelve feet at mean low water; and in case said party of the third part shall fail to begin or to prosecute the construction of said sea-wall, or to fill its said territory as hereby provided, the said company hereby agrees that said Commonwealth may enter upon said territory, and build so much of said sea-wall, and do so much of said filling, as it shall see fit, at the expense of said party of the third part; and said party of the third part hereby agrees to pay to said party of the first part all the reasonable expenses it shall incur in building said sea-wall, and in filling as aforesaid, on the territory of said party of the third part." *Held*, in an action by the Commonwealth against the wharf company, to recover the expenses incurred in filling a portion of the defendant's flats along the division line, that the Commonwealth had not the exclusive right under the indenture to erect a barrier on the division line, but the defendant might erect such a barrier, so as to fill its own land or keep the plaintiff from filling it unlawfully.

CONTRACT, to recover the expenses incurred in filling a portion of the defendant's flats, under a certain indenture. At the

trial in this court, before *Allen*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*D. E. Ware*, for the Commonwealth.

*I. R. Clark*, for the defendant.

LATHROP, J. On June 24, 1873, an indenture was made between the Commonwealth, party of the first part, the Boston and Albany Railroad Company, party of the second part, the Boston Wharf Company, party of the third part, and the city of Boston, party of the fourth part, by which large tracts of flats belonging to the three parties first named were to be filled, streets were to be laid out, and the land connected with the city of Boston by a bridge. Among other things, the Boston Wharf Company covenanted and agreed with the Commonwealth as follows: " And said party of the third part, in consideration of the obligations of said party of the first part herein contained, hereby covenants and agrees with said party of the first part, that it will fill its territory, herein before described, as fast as the said party of the first part shall fill its territory on the division line of their respective parcels, so that it will not be necessary to have a bulkhead or barrier on such division line to retain the filling of said party of the first part, and that if said party of the third part shall not fill its said territory as fast as said party of the first part fills its territory on such line, so that a barrier or bulkhead as aforesaid becomes necessary, said party of the first part may build, at the expense of said party of the third part, such a bulkhead or barrier along such division line as may be necessary to retain the filling as aforesaid ; and whenever said party of the first part shall begin at said division line to build the sea-wall which it has herein before agreed to build, the said party of the third part hereby agrees to begin at said line to build the sea-wall which it has herein agreed to build, and that it will prosecute the building of the same with vigor to its completion; that it will, within eighteen months from the date of these presents, fill to grade thirteen its said territory, and will, after said Eastern Avenue has been located, and the building of the bridge therefor commenced, dredge the flats lying in the section of Fort Point Channel opposite its said territory uniformly to the thread of said chan-

nel, to the depth of twelve feet at mean low water; and in case said party of the third part shall fail to begin or to prosecute the construction of said sea-wall, or to fill its said territory as hereby provided, the said company hereby agrees that said Commonwealth may enter upon said territory, and build so much of said sea-wall, and do so much of said filling, as it shall see fit, at the expense of said party of the third part; and said party of the third part hereby agrees to pay to said party of the first part all the reasonable expenses it shall incur in building said sea-wall, and in filling as aforesaid, on the territory of said party of the third part."

The action in this case is to recover compensation for the filling by the contractors, in behalf of the Commonwealth, of a portion of the flats of the Boston Wharf Company along the division line. The filling was to be done under the direction of the board of harbor commissioners, and on October 28, 1875, this board gave notice to the contractors of the respective parties to this action that it was the purpose of the Commonwealth in filling its said parcel of flats on the division line to begin at the southeasterly end of that line, and to continue the filling along the whole length of the division line, at the rate substantially of a thousand yards on every working day until the filling along this line to grade thirteen was completed; and the defendant was notified that it must fill at the same time and at the same rate with the filling of the Commonwealth.

There was evidence on the part of the defendant tending to show that it had a barrier along the whole length of the division line, and that none of the plaintiff's filling material came over the line upon the defendant's land. There was also evidence on the part of the defendant tending to show that the plaintiff, instead of beginning to fill at the place designated in the order of the board of harbor commissioners, began to dump its filling material several hundred feet away, and intentionally and unlawfully broke down the defendant's barrier in one or more places, in order that its filling material might come upon the defendant's territory. On both of these points there was evidence on the part of the plaintiff to the contrary.

The jury were instructed that, if any of the plaintiff's filling material came upon the defendant's territory, the plaintiff was entitled to recover the reasonable expense or cost thereof, sub-

ject to two qualifications, namely: 1. If the defendant had a barrier erected up to grade thirteen which stopped any overflow up to that grade, the plaintiff cannot recover for any material that flowed on to the defendant's territory over that barrier; that is, over grade thirteen. To this no objection was' made. 2. If the plaintiff did not fill along the division line in accordance with the notice of October 28, 1875, but, in violation thereof, negligently and in an unworkmanlike manner dumped unnecessary quantities of filling at one or more spots along said line with the malicious intention of destroying and breaking down the barrier at said spots, and by reason thereof any filling came on to the defendant's property, the plaintiff cannot recover therefor; that is, for so much of the filling as came upon the defendant's land in consequence of such intentional and malicious act of breaking down the barrier.

The jury returned a verdict for the defendant, and the only question of law which appears is this. The plaintiff contended that it had the exclusive right under the indenture to erect a barrier, and that the defendant had no such right.

It seems to us very clear that there is nothing in the indenture which precludes the defendant from erecting a barrier. It is true that the right is expressly given to the Commonwealth to erect a barrier, but this was for the purpose of keeping the filling which the Commonwealth intended to put upon its own land from running over on to the land of the defendant; and it was stated that, if such barrier became necessary, the Commonwealth might build it at the expense of the defendant to retain the filling. But there was nothing in the indenture to prevent the defendant from erecting a barrier so that it might fill its own land, or keep the plaintiff from filling it unlawfully.

The clause in the indenture giving the Commonwealth the right to enter and fill the defendant's territory does not refer to a default in filling along the division line, but to not filling the rest of the territory within eighteen months. The fair meaning is, that if the defendant failed to build a sea-wall, the plaintiff might build it; if it failed to fill its territory within eighteen months, the plaintiff might fill it; and if it failed to fill along the division line, the plaintiff might build a bulkhead or barrier along such division line, to retain its own filling.

*Exceptions overruled.*